**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____   Chapter __11__

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy
06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Perfect Body Inc.** |
| 2. | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **22-1444220** |

| | |
|---|---|
| 4. | **Debtor's address** |

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **7100 West Side Avenue** <br> **North Bergen, NJ 07047** | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Bergen** | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://www.coachusa.com** |

| | |
|---|---|
| 6. | **Type of debtor** |

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor   **Perfect Body Inc.**
Name

Case number (*if known*) _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__8111__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒ No.
☐ Yes.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No.
☒ Yes.

List all cases. If more than 1, attach a separate list

Debtor  __See Schedule 1__   Relationship  __See Schedule 1__

District  __Delaware__   When _____   Case number, if known _____

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 2

| Debtor | **Perfect Body Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in this district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.

Insurance agency _____

Contact name _____

Phone _____

**█ Statistical and administrative information On a Consolidated Basis**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50   million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50   million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | **Perfect Body Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

| Request for Relief, Declaration, and Signatures |
|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **06/11/2024**
              MM / DD / YYYY

**X** **/s/ Ross Kinnear**                  **Ross Kinnear**
     Signature of authorized representative of debtor         Printed name

Title    **Chief Financial Officer and Treasurer**

**18. Signature of attorney**

**X** **/s/ Sean M. Beach**             Date    **06/11/2024**
     Signature of attorney for debtor                     MM / DD / YYYY

**Sean M. Beach**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square**
**1000 N. King Street**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **(302) 571-6600**      Email address   **sbeach@ycst.com**

**4070 DE**
Bar number and State

## SCHEDULE 1

## Pending Bankruptcy Cases Filed by the Debtor and Its Affiliates

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**").  A motion will be filed with the Court requesting that the chapter 11 cases of these entities be jointly administered for procedural purposes only.

| Entity Name | Federal Employer Identification Number (EIN) |
|---|---|
| Coach USA, Inc. | 76-0608391 |
| Project Kenwood Intermediate Holdings I, Inc. | 83-4367628 |
| Project Kenwood Intermediate Holdings II, LLC | 84-2271798 |
| Project Kenwood Intermediate Holdings III, LLC | 83-4204431 |
| Project Kenwood Acquisition, LLC | 83-3695607 |
| Dillon's Bus Service, Inc. | 52-2084398 |
| Hudson Transit Lines, Inc. | 22-1003545 |
| CAM Leasing, LLC | 45-5258372 |
| Megabus Northeast, LLC | 26-2062401 |
| Megabus Southeast, LLC | 46-1872940 |
| Coach USA MBT, LLC | 93-1220116 |
| Megabus USA, LLC | 20-4664274 |
| Voyavation LLC | 27-2902542 |
| Pennsylvania Transportation Systems, Inc. | 25-1795613 |
| Dragon Bus, LLC | 26-3480285 |
| New York Splash Tours, LLC | 56-2593629 |

| | |
|---|---|
| CUSARE, Inc. | 99-0586030 |
| CUSARE II, Inc. | 99-0601287 |
| Project Kenwood Holdings, Inc. | 83-4369198 |
| Coach USA Administration, Inc. | 76-0530869 |
| Route 17 North Realty, LLC | 80-0038902 |
| Central Cab Company | 25-1302479 |
| Central Charters & Tours, Inc. | 25-1575205 |
| Transportation Management Services, Inc. | 25-1644051 |
| Hudson Transit Corporation | 14-0764320 |
| Powder River Transportation Services, Inc. | 15-0477170 |
| SL Capital Corp. | 22-2883536 |
| 349 First Street Urban Renewal Corp. | 26-0290429 |
| Barclay Airport Service, Inc. | 22-2440127 |
| Barclay Transportation Services, Inc. | 22-2157007 |
| Colonial Coach Corporation | 22-1732520 |
| Community Coach, Inc. | 22-0748733 |
| Community Transit Lines, Inc. | 22-2244779 |
| Community Transportation, Inc. | 22-2771172 |
| Orange, Newark, Elizabeth Bus, Inc. | 22-2696588 |
| Perfect Body Inc. | 22-1444220 |
| International Bus Services, Inc. | 11-2565636 |
| Short Line Terminal Agency, Inc. | 22-1474612 |
| Suburban Management Corp. | 22-3182287 |
| Suburban Transit Corp. | 22-1313572 |

| | |
|---|---|
| Suburban Trails, Inc. | 22-2255681 |
| Rockland Coaches, Inc. | 22-1525368 |
| Clinton Avenue Bus Company | 22-0826725 |
| Commodore Tours, Inc. | 22-2471944 |
| Community Bus Lines, Inc. | 22-1640714 |
| Community Tours, Inc. | 22-2469770 |
| Coach USA Illinois, Inc. | 36-2444935 |
| Coach Leasing, Inc. | 37-1368001 |
| Tri-State Coach Lines, Inc. | 02-0544712 |
| Sam Van Galder, Inc. | 39-1036253 |
| Wisconsin Coach Lines, Inc. | 39-0690146 |
| Lakefront Lines, Inc. | 95-1984207 |
| Pacific Coast Sightseeing Tours & Charters, Inc. | 65-0083469 |
| Kerrville Bus Company, Inc. | 74-0724360 |
| Independent Bus Company, Inc. | 22-1008670 |
| Olympia Trails Bus Company, Inc. | 22-1950015 |
| Butler Motor Transit, Inc. | 25-1098249 |
| Coach USA Tours – Las Vegas, Inc. | 74-2926206 |
| TRT Transportation, Inc. | 36-3936051 |
| Lenzner Tours, Inc. | 25-1752220 |
| Limousine Rental Service Inc. | 22-1630881 |
| Megabus Southwest, LLC | 46-1854377 |
| Megabus West, LLC | 46-1948840 |
| Paramus Northeast Mgt. Co., L.L.C. | 22-3769192 |

| | |
|---|---|
| Gad-About Tours, Inc. | 34-1656355 |
| All West Coachlines, Inc. | 74-2522792 |
| Red & Tan Enterprises, Inc. | 22-1949682 |
| Chenango Valley Bus Lines, Inc. | 16-1043732 |
| Elko, Inc. | 83-0249542 |
| American Coach Lines of Atlanta, Inc. | 76-0289769 |
| Rockland Transit Corporation | 22-1003830 |
| The Bus Exchange, Inc. | 22-2742022 |
| Midtown Bus Terminal of New York, Inc. | 13-1043100 |
| Leisure Time Tours | 22-1909654 |
| Twenty-Four Corp. | 80-0038904 |
| Lenzner Tours, LTD | 25-1753214 |
| Lenzner Transit, Inc. | 25-1791783 |
| Sporran GCBS, Inc. | 95-1892104 |
| Sporran RTI, Inc. | 33-0313781 |
| KILT of RI, Inc. | 05-0217380 |
| Sporran AWC, Inc. | 68-0160467 |
| Sporran GCTC, Inc. | 74-1851629 |
| Red & Tan Transportation Systems, Inc. | 22-3256701 |
| Red & Tan Charter, Inc. | 22-2850702 |
| Red & Tan Tours | 22-2240064 |
| Lenzner Transportation Group, Inc. | 88-0330247 |
| Mister Sparkle, Inc. | 22-3254259 |
| Mountaineer Coach, Inc. | 25-1764023 |

| | |
|---|---|
| 3329003 Canada Inc. | |
| Megabus Canada Inc. | |
| 3376249 Canada Inc. | |
| 4216849 Canada Inc. | |
| Trentway-Wagar (Properties) Inc. | |
| Trentway-Wagar Inc. | |
| Douglas Braund Investments Limited | |

**WRITTEN CONSENT OF THE BOARD OF DIRECTORS
AND BOARD OF MANAGERS, AS APPLICABLE, OF EACH COMPANY
SET FORTH ON <u>SCHEDULE I</u>, <u>SCHEDULE II</u>, AND <u>SCHEDULE III</u>
HERETO, AND LENZNER TOURS, LTD.**

**June 11, 2024**

**WHEREAS,** the undersigned, (i) as all of the members of the board of directors (in such capacity, the "<u>Schedule I Directors</u>") of each entity listed on <u>Schedule I</u> hereto (collectively, the "<u>Schedule I Entities</u>"), (ii) as all the managers (in such capacity, the "<u>Schedule II Managers</u>") of each entity listed on <u>Schedule II</u> hereto (collectively, the "<u>Schedule II Entities</u>"), and (iii) as all of the members of the board of directors (in such capacity, the "<u>Schedule III Directors</u>") of each entity listed on <u>Schedule III</u> hereto (collectively, the "<u>Schedule III Entities</u>"), respectively, have reviewed and have had the opportunity to ask questions about the materials presented by management and the legal and financial advisors of the Companies (as hereinafter defined) regarding the business and financial condition, results of operations, the indebtedness, liabilities, and liquidity, as well as the impact of the foregoing on the Companies' respective businesses;

**WHEREAS**, one of the Schedule I Entities, Lenzner Tours, Inc., a Pennsylvania corporation ("<u>General Partner</u>"), is the general partner of Lenzner Tours, LTD, a Pennsylvania limited partnership (the "<u>Partnership</u>" and together with the Schedule I Entities, the Schedule II Entities, and the Schedule III Entities, collectively, the "<u>Companies</u>");

**WHEREAS**, the Schedule I Directors desire to take the actions hereunder on behalf of the General Partner, acting on behalf of the Partnership in the General Partner's capacity as general partner of the Partnership;

**WHEREAS,** the undersigned Schedule I Directors, Schedule II Managers, and Schedule III Directors have reviewed, considered, and received the recommendations of the management and the legal and financial advisors of the Companies as to the relative risks and benefits of certain strategic alternatives available to the Companies, including pursuing a bankruptcy under chapter 11 of title 11 of the United States Code, 11 U. S. C. §§ 101 et seq. (the "<u>Bankruptcy Code</u>");

**WHEREAS,** the undersigned Schedule III Directors have reviewed, considered, and received the recommendations of the management and the legal and financial advisors of the Schedule III Entities and have determined that it is in the best interests of the Schedule III Entities to seek recognition of the Chapter 11 Cases (as defined below) in Canada pursuant to Part IV of the *Companies' Creditors Arrangement Act*, RSC 1985, c C-36, as amended (the "<u>CCAA</u>"); and

**WHEREAS,** the undersigned Schedule I Directors, Schedule II Managers, and Schedule III Directors hereby consent, pursuant to the respective organizational documents of each Schedule I Entity, and each Schedule III Entity, the respective limited liability company agreements of each Schedule II Entity, the agreement of limited partnership of the Partnership, and the relevant state-specific, or Canadian federal or provincial, statutes rules, regulations, and laws, to the taking of the following actions and the adoption of the following resolutions without a meeting and agree that such actions and resolutions shall have the same force and effect as though taken and adopted at a meeting duly called and legally held.

**NOW THEREFORE, BE IT:**

## COMMENCEMENT OF CHAPTER 11 CASES

**RESOLVED,** that, in the judgment of the Schedule I Directors, Schedule II Managers, and Schedule III Directors, after consultation with the management and the legal and financial advisors of the Companies, that it is desirable and in the best interests of the Companies and the Companies' respective creditors, stockholders, members, and other parties in interest that the Companies commence bankruptcy proceedings (collectively, the "Chapter 11 Cases") by filing voluntary petitions (the "Petitions") for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and it is

**FURTHER RESOLVED,** that the form, terms, and provisions of, the execution, delivery, and filing of, and the performance of the transactions and obligations contemplated by the Petitions be, and they hereby are, authorized, approved, and adopted in all respects and Derrick Waters, Ross Kinnear, Jazmine Estacio, and Spencer Ware (each, an "Authorized Officer" and collectively, the "Authorized Officers") be, and each of them hereby is, acting singly or in any combination, authorized, empowered, and directed, in the name and on behalf of the Companies, (i) to execute and verify the Petitions and all documents ancillary thereto, to cause such Petitions to be filed in the Bankruptcy Court, and to make or cause to be made prior to the execution thereof any modifications to such Petitions or ancillary documents and (ii) to execute, verify, and file or cause to be filed all other petitions, schedules, lists, motions, applications, declarations, affidavits, and other papers or documents necessary, appropriate, advisable, or desirable in connection with the foregoing, with such changes, additions, and modifications thereto as the Authorized Officers executing the same shall approve, the taking or execution thereof by the Authorized Officers being conclusive evidence of the approval thereof by the Authorized Officers and the applicable Companies; and it is

## CCAA PROCEEDINGS

**FURTHER RESOLVED,** that, in the judgment of the Schedule III Directors, after consultation with the management and the legal and financial advisors of the Schedule III Entities, that it is desirable and in the best interests of the Schedule III Entities and the Schedule III Entities' respective creditors, stockholders, members, and other parties in interest that the Schedule III Entities seek recognition of the Chapter 11 Cases and certain orders granted therein in Canada pursuant to the CCAA (the proceedings commenced therein hereinafter referred to as the "CCAA Proceedings"); and it is

**FURTHER RESOLVED,** that all Authorized Officers be, and each of them hereby is, acting singly or in any combination, authorized, empowered, and directed, in the name and on behalf of the Schedule III Entities, (i) to execute and verify any and all documents required to commence and implement the CCAA Proceedings and (ii) to execute, verify, and file or cause to be filed all petitions, schedules, lists, motions, applications, declarations, affidavits, and other papers or documents necessary, appropriate, advisable, or desirable in connection with the foregoing, with such changes, additions, and modifications thereto as the Authorized Officers executing the same shall approve, the taking or execution thereof by the Authorized Officers being conclusive evidence of the approval thereof by the Authorized Officers and the applicable Companies; and it is

## DEBTOR-IN-POSSESSION FINANCING

**FURTHER RESOLVED,** that in connection with the commencement of the Chapter 11 Cases, the Schedule I Directors, Schedule II Managers, and Schedule III Directors, have determined that it is in the best interests of the Companies to consummate the transactions under that certain Debtor in Possession Credit Agreement substantially in the form filed with the Bankruptcy Court (the "DIP Credit Agreement")

and the documents ancillary and related thereto (each a "<u>DIP Loan Document</u>" and collectively, the "<u>DIP Loan Documents</u>"); and it is

**FURTHER RESOLVED,** that the Schedule I Directors, Schedule II Managers, and Schedule III Directors, hereby delegate to each Authorized Officer the authority to approve the form, terms, and provisions of the DIP Credit Agreement, including the use of proceeds to provide liquidity for the Companies during the pendency of the Chapter 11 Cases and such other uses as described in the DIP Credit Agreement and the DIP Loan Documents or that may be necessary, appropriate, advisable, or desirable in connection with the DIP Credit Agreement and the transactions contemplated thereby or otherwise contemplated by the DIP Credit Agreement or by any such other DIP Loan Document; and it is

**FURTHER RESOLVED,** that any Authorized Officer, in each case, acting singly or in any combination, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of each of the Companies, to cause each of the Companies to enter into, execute, deliver, certify, file, or record, and perform the obligations arising under, the DIP Credit Agreement and any other DIP Loan Document, together with such other documents, agreements, instruments, and certificates as may be required by the DIP Credit Agreement and any other DIP Loan Document, in accordance with the terms hereof; and it is

**FURTHER RESOLVED,** that any Authorized Officer, in each case, acting singly or in any combination, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of each of the Companies, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the DIP Credit Agreement and any other DIP Loan Document or any related documents or instruments which shall, in such Authorized Officer's sole judgment, be necessary, appropriate, advisable, or desirable; and it is

## CHAPTER 11 PROFESSIONALS

**FURTHER RESOLVED,** that, in connection with the Chapter 11 Cases, any Authorized Officer, in each case, acting singly or in any combination, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of each of the Companies, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals which such Authorized Officer deems necessary, appropriate, advisable, or desirable in connection with the Chapter 11 Cases and the transactions contemplated thereby (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard); and it is

**FURTHER RESOLVED**, that the firm Alston & Bird LLP ("<u>Alston & Bird</u>"), be and hereby is, authorized, directed, and empowered to represent the Companies as lead bankruptcy counsel to represent and assist the Companies in carrying out the Companies' duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights, including the preparation of pleadings and filings in the Chapter 11 Cases; and in connection therewith, the Authorized Officers be, and each of them, acting singly or in any combination, with power of delegation, hereby is, authorized, directed, and empowered, on behalf of and in the name of each of the Companies to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Alston & Bird; and it is

**FURTHER RESOLVED**, that the firm Young Conaway Stargatt & Taylor, LLP ("<u>Young Conaway</u>"), be and hereby is, authorized, directed, and empowered to represent the Companies as Delaware bankruptcy co-counsel to represent and assist the Companies in carrying out the Companies' duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights, including the preparation of pleadings and filings in the Chapter 11 Cases; and in connection therewith, the Authorized Officers be, and each of them, acting singly or in any combination, with power of delegation, hereby is,

authorized, directed, and empowered, on behalf of and in the name of each of the Companies to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and it is

**FURTHER RESOLVED**, that the firm Houlihan Lokey Capital, Inc. ("Houlihan Lokey"), be and hereby is, authorized, directed, and empowered to serve as investment banker to assist the Companies with a restructuring or sale of the Companies' assets and in carrying out the Companies' duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, the Authorized Officers be, and each of them, acting singly or in any combination, with power of delegation, hereby is, authorized, directed, and empowered, on behalf of and in the name of each of the Companies to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Houlihan Lokey; and it is

**FURTHER RESOLVED**, that the firm Kroll Restructuring Administration, LLC ("Kroll"), be and hereby is, authorized, directed, and empowered to serve as the notices, claims, solicitation, and balloting agent, and administrative advisor to assist the Companies in carrying out the Companies' duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, the Authorized Officers be, and each of them, acting singly or in any combination, with power of delegation, hereby is, authorized, directed, and empowered, on behalf of and in the name of each of the Companies to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Kroll; and it is

**FURTHER RESOLVED**, that CR3 Partners, LLC ("CR3"), be and hereby is, authorized, directed, and empowered to provide the Companies with Spencer Ware as chief restructuring officer and support personnel to represent and assist the Companies in carrying out the Companies' duties under the Bankruptcy Code and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, the Authorized Officers be, and each of them, acting singly or in any combination, with power of delegation, hereby is, authorized, directed, and empowered to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application to retain the services of CR3 in the Bankruptcy Case; and it is

**FURTHER RESOLVED**, that each of the aforementioned retained advisors of the Companies is hereby authorized to take any and all actions necessary, appropriate, advisable, or desirable to advance the Companies' rights and obligations and facilitate the commencement of the Chapter 11 Case; and it is

### CCAA PROFESSIONALS

**FURTHER RESOLVED,** that, in connection with the CCAA Proceedings, any Authorized Officer, in each case, acting singly or in any combination, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Schedule III Entities, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals which such Authorized Officer deems necessary, appropriate, advisable, or desirable in connection with the CCAA Proceedings and the transactions contemplated thereby (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard); and it is

**FURTHER RESOLVED**, that the firm Bennett Jones LLP ("BJ"), be and hereby is, authorized, directed, and empowered to represent the Schedule III Entities as insolvency counsel to represent and assist the Schedule III Entities in carrying out the Schedule III Entities' duties under the CCAA, and to take any

and all actions to advance the Schedule III Entities' rights, including the preparation of all applications, motions, and other filings in the CCAA Proceedings; and in connection therewith, the Authorized Officers be, and each of them, acting singly or in any combination, with power of delegation, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Schedule III Entities to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the CCAA Proceedings, and to cause to be filed an appropriate application for authority to retain the services of BJ; and it is

**FURTHER RESOLVED**, that each of the aforementioned retained advisors of the Schedule III Entities is hereby authorized to take any and all actions necessary or desirable to advance Schedule III Entities' rights and obligations and facilitate the commencement of the CCAA Proceedings; and it is

## STALKING HORSE APAs

**FURTHER RESOLVED,** that it is in the best interest of the Companies to enter into the proposed Asset Purchase Agreements (together, with all exhibits, schedules, and other attachments thereto or incorporated therein by reference, the "Stalking Horse APAs"), by and between ABC Bus, Inc., as purchaser, Avalon Transportation, LLC, as purchaser, Bus Company Holdings US, LLC, as purchaser, and Bus Company Holdings Canada ULC, as purchaser (together, the "Stalking Horse Bidders"), and certain of the Companies as sellers, on the terms and conditions substantially similar to those set forth in the form of Stalking Horse APAs; and it is

**FURTHER RESOLVED**, that the form, terms, and provisions of the Stalking Horse APAs, and any other agreements, instruments, documents, or certificates required to effect the purposes of the Stalking Horse APAs, are authorized and approved, with such changes, additions, and modifications thereto as the Authorized Officers executing the same shall approve, the taking or execution thereof by the Authorized Officers being conclusive evidence of the approval thereof by the Authorized Officers and the applicable Companies; and it is

**FURTHER RESOLVED**, that each Authorized Officer be, and each of them hereby is, acting singly or in any combination, authorized, empowered, and directed, in the name and on behalf of the Companies to enter into, execute, and deliver the Stalking Horse APAs with the Stalking Horse Bidders, subject to the Companies receiving higher or better offers through a court-supervised auction process pursuant to section 363 of the Bankruptcy Code; and it is

**FURTHER RESOLVED**, that each Authorized Officer be, and each of them hereby is, acting singly or in any combination, authorized, empowered, and directed, in the name and on behalf of the Companies to execute and file all schedules, lists, and other motions, papers, or documents, and any other agreements or amendments related thereto or required thereby in respect of the sales of certain or all of the assets of the Companies pursuant to sections 105, 363, and 365 of the Bankruptcy Code (the "Section 363 Sales"), and to take any and all action that they deem necessary, appropriate, advisable, or desirable to effect the Section 363 Sales, the taking or execution thereof by the Authorized Officers being conclusive evidence of the approval and determination thereof by the Authorized Officers and the applicable Companies; and it is

## GENERAL AUTHORIZATION AND RATIFACTION

**FURTHER RESOLVED,** that all documents, agreements, and instruments executed and delivered, and any and all acts, actions, and transactions relating to the matters contemplated by the resolutions herein done in the name of and on behalf of each of the Companies, which acts would have been

approved by the resolutions herein except that such actions were taken before these resolutions were approved and adopted, are hereby in all respects approved and ratified; and it is

**FURTHER RESOLVED,** that the Authorized Officers be, and hereby are, authorized, directed, and empowered, on behalf of and in the name of each of the Companies, to perform the obligations of such Companies under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Officers performing or executing the same shall approve, the taking or execution thereof by the Authorized Officers being conclusive evidence of the approval thereof by the Authorized Officers and the applicable Companies; and it is

**FURTHER RESOLVED,** that the Authorized Officers be, and hereby are, authorized, directed, and empowered, in the name of and on behalf of each of the Companies, to cause the Companies to enter into, execute, deliver, certify, file, record, and perform under such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, to pay all expenses, including filing fees, and to take such other actions as in the judgment of the Authorized Officers, shall be necessary, appropriate, advisable, or desirable to prosecute a successful completion of the Chapter 11 Cases and the CCAA Proceedings and to effectuate the restructuring or liquidation of the Companies' debts, other obligations, organizational form and structure, and ownership of the Companies, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of which the foregoing resolutions, and the transactions contemplated by these resolutions, the authority thereunto to be evidenced by the taking of such actions; and it is

**FURTHER RESOLVED,** that the Authorized Officers be, and hereby are, authorized, directed, and empowered, on behalf of and in the name of each of the Companies, to take such actions and execute and deliver such documents as may be required or as the Authorized Officers may determine to be necessary, appropriate, advisable, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including, without limitation, the execution and delivery of any consents, resolutions, petitions, schedules, lists, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, and other papers or documents to be executed and delivered in such form as the Authorized Officers shall approve, the taking or execution thereof by the Authorized Officers being conclusive evidence of the approval thereof by the Authorized Officers and the applicable Companies; and it is

**FURTHER RESOLVED,** that these resolutions are to be placed in the official records of the applicable Companies to document the actions set forth herein as actions taken by the undersigned, as applicable, Schedule I Directors, Schedule II Managers, and Schedule III Directors; and it is

**FURTHER RESOLVED**, that facsimile, photostatic, or other electronic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals.

*[Signature Page Follows]*

6

**IN WITNESS WHEREOF**, the undersigned, constituting all of the directors and managers of the Companies, have executed and delivered this Written Consent effective as of the date first set forth above.

## SCHEDULE I DIRECTORS

*/s/ Farhaad Chanduwadia*
Farhaad Chanduwadia


*/s/ Thomas G. FitzGerald*
Thomas G. FitzGerald


*/s/ Lawrence Hirsh*
Lawrence Hirsh

## SCHEDULE II MANAGERS

*/s/ Farhaad Chanduwadia*
Farhaad Chanduwadia


*/s/ Thomas G. FitzGerald*
Thomas G. FitzGerald


*/s/ Lawrence Hirsh*
Lawrence Hirsh

## SCHEDULE III DIRECTORS

*/s/ Farhaad Chanduwadia*
Farhaad Chanduwadia


*/s/ Brent Rainey*
Brent Rainey


*/s/ John Crowley*
John Crowley

## SCHEDULE I

349 First Street Urban Renewal Corp.
All West Coachlines, Inc.
American Coach Lines of Atlanta, Inc.
Barclay Airport Service, Inc.
Barclay Transportation Services, Inc.
Butler Motor Transit, Inc.
Central Cab Company
Central Charters & Tours, Inc.
Chenango Valley Bus Lines, Inc.
Clinton Avenue Bus Company
Coach Leasing, Inc.
Coach USA Administration, Inc.
Coach USA Illinois, Inc.
Coach USA, Inc.
Coach USA Tours - Las Vegas, Inc.
Colonial Coach Corp.
Commodore Tours, Inc.
Community Bus Lines, Inc.
Community Coach, Inc.
Community Tours, Inc.
Community Transit Lines, Inc.
Community Transportation, Inc.
CUSARE, Inc.
CUSARE II, Inc.
Dillon's Bus Service, Inc.
Elko, Inc.
Gad-About Tours, Inc.
Hudson Transit Corporation
Hudson Transit Lines, Inc.
Independent Bus Company, Inc.
International Bus Services, Inc.
Kerrville Bus Company, Inc.
KILT OF RI, Inc.
Lakefront Lines, Inc.
Leisure Time Tours
Lenzner Tours, Inc.

Lenzner Transit, Inc.
Lenzner Transportation Group, Inc.
Limousine Rental Service Inc.
Midtown Bus Terminal of New York, Inc.
Mister Sparkle, Inc.
Mountaineer Coach, Inc.
Olympia Trails Bus Company, Inc.
Orange, Newark, Elizabeth Bus, Inc.
Pacific Coast Sightseeing Tours & Charters, Inc.
Pennsylvania Transportation Systems, Inc.
Perfect Body Inc.
Powder River Transportation Services, Inc.
Project Kenwood Holdings, Inc.
Project Kenwood Intermediate Holdings I, Inc.
Red & Tan Charter, Inc.
Red & Tan Enterprises
Red & Tan Tours
Red & Tan Transportation Systems, Inc.
Rockland Coaches, Inc.
Rockland Transit Corporation
Sam Van Galder, Inc.
Short Line Terminal Agency, Inc.
SL Capital Corp.
Sporran AWC, Inc.
Sporran GCBS, Inc.
Sporran GCTC, Inc.
Sporran RTI, Inc.
Suburban Management Corp.
Suburban Trails, Inc.
Suburban Transit Corp.
The Bus Exchange Inc.
Transportation Management Services, Inc.
Tri-State Coach Lines, Inc.
TRT Transportation, Inc.
Twenty-Four Corp.
Wisconsin Coach Lines, Inc.

## **SCHEDULE II**

CAM Leasing, LLC
Coach USA MBT, LLC
Dragon Bus, LLC
Megabus Northeast, LLC
Megabus Southeast, LLC
Megabus Southwest, LLC
Megabus USA, LLC
Megabus West, LLC
New York Splash Tours, LLC
Paramus Northeast Mgt. Co., L.L.C.
Project Kenwood Acquisition, LLC
Project Kenwood Intermediate Holdings II, LLC
Project Kenwood Intermediate Holdings III, LLC
Route 17 North Realty, LLC
Voyavation LLC

**SCHEDULE III**

Megabus Canada Inc.
3376249 Canada Inc.
Trentway-Wagar (Properties) Inc.
Trentway-Wagar Inc.
Douglas Braund Investments Inc.
4216849 Canada Inc.
3329003 Canada Inc.

**Fill in this information to identify the case:**

Debtor name: COACH USA, INC., *et al*.

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): _____TBD_____

☐ Check if this is an amended filing

Official Form 204

**Chapter 11 or Chapter 9:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders**          12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | Main Street Lending Program by and through its Agent Wells Fargo Bank, National Association Otterbourg P.C. 230 park Avenue New York, NY 10169-0075 | Attn: Ikhwan Rafeek PHONE: 212-905-3686 EMAIL: irafeek@otterbourg.com | Unsecured Loan | | | | $37,866,876.93 |
| 2 | Miriam Saheghian Law Offices of Scolinos, Sheldon & Nevell 301 N. Lake Avenue Pasadena, CA 91101 | Attn: Todd Nevell PHONE: 626-793-3900 EMAIL: tnevell@ssnlaw.com | Settled Litigation | | | | $5,000,000.00 |
| 3 | Edwin Malave Georgaklis & Mallas 9118 5th Avenue Brooklyn, NY 11209 | Attn: Kontantino Mallas PHONE: 718-238-2400 EMAIL: gmlawefile@gmail.com | Settled Litigation | | | | $4,615,000.00 |
| 4 | Hall Anaheim Realty, LLC Brothers Smith, LLC 2033 N. Main Street, Suite 720 Walnut Creek, CA 94596 | Attn: c/o Mark V. Isola PHONE: 925-944-9700 EMAIL: misola@brotherssmithlaw.com | Unsecured Rent Payable | Disputed | | | $3,678,321.00 |
| 5 | East Brunswick Township Township Clerk P.O. Box 1081 East Brunswick, NJ 08816-1081 | Attn: Tamar Lauful PHONE: 732-390-6843 EMAIL: lmorace@eastbrunswick.org | Unsecured Rent Payable and LOC | | | | $3,591,000.00 |
| 6 | Estate of Adeline Deriphonse Bruce D. Nimensky, Esq. 727 Rt. 15N, Suite 200 Lake Hopatcong, NJ 07849 | Attn: Gray Law Group PHONE: 973-240-7313 EMAIL: bnimensky@graylaw.com | Settled Litigation | | | | $1,660,000.00 |
| 7 | Camille L. Quinones 40 Ethel Road Edison, NJ 08817 | Attn: Joseph Marabonda PHONE: 732-494-2727 EMAIL: jmarabondo@nilawers.com | Settled Litigation | | | | $1,250,000.00 |
| 8 | Sedgwick Claims Management Services, Inc. 8125 Sedgwick Way Memphis, TN 38125 | Attn: Justin W. Eckard, Client Services Manager PHONE: 610-545-7498 EMAIL: justin.Eckard@sedgwick.com | Unsecured 3rd Party Insurance and WC Claims Vendors | | | | $1,113,607.70 |
| 9 | The Aftermarket Parts Company, LLC PO Box 857758 Minneapolis, MN 55485-7758 | Attn: Mike Flaherty PHONE: 502-318-3142 EMAIL: mike.flaherty@nfi.parts | Unsecured Trade Payables | | | | $930,254.85 |
| 10 | Samsara, Inc. 350 Rhode Island Street 4thFloor, South Bldg. San Francisco, CA 94103 | Attn: Legal Team PHONE: 415-985-2400 EMAIL: legalnotices@samsara.com | Unsecured Trade Payables | | | | $633,622.96 |
| 11 | Port Authority of New York & New Jersey 150 Greenwich St 19th Fl-WTC New York, NY 10007 | Attn: Diana Contreras PHONE: 212-435-5832 EMAIL: dcontreras@panynj.gov | Unsecured Trade Payables | | | | $607,818.92 |
| 12 | Paccar Parts Fleet Services PO Box 731165 Dallas, TX 75373-1165 | Attn: John Joblin PHONE: 816-377-8595 EMAIL: jjoblin@trevipay.com | Unsecured Trade Payables | | | | $312,296.16 |
| 13 | Colonial Parking, Inc. USPG, LLC   Union Station Parking Garage and Bus Facility 30 Massachusetts Ave., NE Washington, DC 20002 | Attn: LaJuana Jones-Scott PHONE: 202-898-1950 EMAIL: LaJuana@ecolonial.com | Unsecured Rent Payable | | | | $278,606.75 |
| 14 | Mesosys Limited 72 Wellington Road Timperley, Cheshire WA15 7RW United Kingdom | Attn: Peter Cameron EMAIL: peter.cameron78@gmail.com | Unsecured Trade Payables | | | | $258,427.88 |
| 15 | ADP LLC PO Box 842875 Boston, MA 02284-2875 | Attn: Roger Ngo PHONE: 650-678-0436 EMAIL: Roger.Ngo@ADP.com | Unsecured Trade Payables | | | | $258,009.40 |
| 16 | Interstate Power Systems 10750 Highway 59 #1 Gillette, WY 82718 | Attn: Rochelle Day PHONE: 307-682-8596 EMAIL: rochelle.day@istate.com | Unsecured Trade Payables | | | | $238,460.43 |

Debtor: <u>COACH USA, Inc., *et al*</u> .                                                                                                    Case number (if known) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 17 Local 298 Health Benefit Fund<br>420 W Merrick Rd<br>Valley Stream, NY 11580-5593 | Attn: Nora Roa<br>PHONE: 516-872-6690x202<br>EMAIL: nroa@esib.org | Union Benefits Payable | | | | $237,554.45 |
| 18 Masergy Communications, Inc.<br>2740 North Dallas Parkway<br>Suite 260<br>Plano, TX 75093 | Attn: Laine Barlow<br>PHONE: 623-253-6927<br>EMAIL: laine.barlow@masergy.com | Unsecured Trade Payables | | | | $226,499.02 |
| 19 Qualtrics, LLC<br>Dept. #880102<br>PO Box 29650<br>Phoenix, AZ 85038-9650 | Attn: Seamus Hennessey<br>PHONE: 353-87-743-2984<br>EMAIL: seamush@qualtrics.com | Unsecured Trade Payables | | | | $188,356.34 |
| 20 Badder Bus Service<br>50 Progress Drive<br>Aylmer, ON N5H 3J1 | Attn: Doug Badder<br>PHONE: 226-210-0206<br>EMAIL: dougb@badderbus.com | Unsecured Trade Payables | | | | $183,361.41 |
| 21 Prevost<br>201 South Avenue<br>So Plainfield, NJ 07080 | Attn: Juan Tarango<br>PHONE: 877-279-1224<br>EMAIL: juan.tarango@zf.com | Unsecured Trade Payables | | | | $181,401.96 |
| 22 Mailin Williams<br>Jared S. Zafran, Esq.<br>1500 Walnut Street<br>Philadelphia, PA 19102 | Attn: The Law Office of Jared S Zafran LLC<br>PHONE: 215-587-0038<br>EMAIL: jared@jaredzafranlaw.com | Unsecured Trade Payables | | | | $175,000.00 |
| 23 Shepard Mullin Richter & Hampton, LLP<br>700 Louisiana Street<br>Suite 2750<br>Houston, TX 77002 | Attn: Donna Adams Harris<br>PHONE: 713-431-7112<br>EMAIL: dharris@sheppardmullin.com | Unsecured Trade Payables | | | | $164,151.00 |
| 24 Forvis, LLP<br>P.O. Box 200870<br>Dallas, TX 75320-0870 | Attn: Rose Huynh<br>PHONE: 713-499-4600<br>EMAIL: rose.huynh@forvis.com | Unsecured Trade Payables | | | | $160,286.00 |
| 25 Price Waterhouse Coopers , LLC<br>4040 W Boy Scout Blvd<br>Tampa , Fl 33607 | Attn: Leonard Salvatore<br>PHONE: 973-903-4576<br>EMAIL: leonard.p.salvatore@pwc.com | Unsecured Trade Payables | | | | $150,000.00 |
| 26 Metrolinx<br>20 Bay Street<br>Suite 600<br>Toronto, ON M5J 2W3<br>Canada | Attn: Connie Lu<br>EMAIL: ar-invoicing@metrolinx.com | Unsecured Rent Payable | | | | $149,015.51 |
| 27 1416 Clinton, LLC<br>1430 US Highway 206<br>Suite 100<br>Bedminister, NJ 07921 | Attn: Phyliss Lamattina<br>PHONE: 908-254-3111<br>EMAIL: phyllis@advancere.com | Unsecured Trade Payables | | | | $144,953.75 |
| 28 BCTG Local 53 Health Benefit Fund<br>85 Orient Way<br>2nd Floor<br>Rutherford, NJ 07070 | Attn: Joyce Alston<br>PHONE: 201-933-4365 | Union Benefits Payable | | | | $133,122.02 |
| 29 Ogletree Deakins Nash Smoak & Stewart<br>Ogletree Deakins<br>4660 La Jolla Village Drive, Suite 900<br>San Diego, CA 92112 | Attn: Patrick Rodden, Esq.<br>PHONE: 858-652-3110<br>EMAIL: spencer.skeen@ogletree.com | Unsecured Trade Payables | | | | $131,418.63 |
| 30 Mitchell Martin, Inc.<br>550 7th Avenue<br>16th Floor<br>New York, NY 10018 | Attn: Joseph Schimpf<br>PHONE: 212-943-1404<br>EMAIL: jschimpf@itmmi.com | Unsecured Trade Payables | | | | $121,950.06 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| COACH USA, INC., *et al.*,[1] | Case No. 24-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY INTEREST HOLDERS PURSUANT
TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors (each, a "Debtor" and, collectively, the "Debtors") hereby state as follows:

1.     Project Kenwood Holdings, Inc. is wholly owned by non-debtor Variant Equity I, LP.

2.     Debtor Project Kenwood Intermediate Holdings I, Inc., is wholly owned by Project Kenwood Holdings, Inc.

3.     Debtor Project Kenwood Intermediate Holdings II, LLC, is wholly owned by Project Kenwood Intermediate Holdings I, Inc.

4.     Debtor Project Kenwood Intermediate Holdings III, LLC, is wholly owned by Project Kenwood Intermediate Holdings II, LLC.

5.     Debtor Project Kenwood Acquisition, LLC, is wholly owned by Project Kenwood Intermediate Holdings III, LLC.

6.     Debtor Coach USA Administration, Inc. is wholly owned by Project Kenwood Acquisition, LLC.

7.     Debtor Coach USA, Inc. is wholly owned by Coach USA Administration, Inc.

8.     The following Debtors are each wholly owned by Coach USA, Inc.: Route 17 North Realty, LLC; Dillon's Bus Service, Inc.; Hudson Transit Lines, Inc.; Central Cab Company; Central Charters & Tours, Inc.; Transportation

---

[1]     A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/CoachUSA.  The Debtors' mailing address is 160 S Route 17 North, Paramus, NJ 07652.

Management Services, Inc.; Hudson Transit Corporation; Powder River Transportation Services, Inc.; SL Capital Corp.; 349 First Street Urban Renewal Corp.; Barclay Airport Service, Inc.; Barclay Transportation Services, Inc.; Colonial Coach Corporation; Community Coach, Inc.; Community Transit Lines, Inc.; Community Transportation, Inc.; Orange, Newark, Elizabeth Bus, Inc.; Perfect Body Inc.; International Bus Services, Inc.; Short Line Terminal Agency, Inc.; Suburban Management Corp.; Suburban Transit Corp.; Suburban Trails, Inc.; Rockland Coaches, Inc.; Clinton Avenue Bus Company; Commodore Tours, Inc.; Community Bus Lines, Inc.; Community Tours, Inc.; Coach USA Illinois, Inc.;  Coach Leasing, Inc.; Tri-State Coach Lines, Inc.; Sam Van Galder, Inc.; Wisconsin Coach Lines, Inc.; Lakefront Lines, Inc.; Pacific Coast Sightseeing Tours & Charters, Inc.; Kerrville Bus Company, Inc.; Independent Bus Company, Inc.; Leisure Time Tours; Olympia Trails Bus Company, Inc.; Butler Motor Transit, Inc.; Coach USA Tours – Las Vegas, Inc.; Twenty-Four Corp.; TRT Transportation, Inc.; Lenzner Tours, Inc.; Pennsylvania Transportation Systems, Inc.; Dragon Bus, LLC; Limousine Rental Service Inc.; 3329003 Canada Inc.; Megabus Canada Inc.; 3376249 Canada Inc.; Red & Tan Enterprises, Inc.; The Bus Exchange, Inc.; Lenzner Transportation Group, Inc.; Mister Sparkle, Inc.; Mountaineer Coach, Inc.; Midtown Bus Terminal of New York, Inc.; CUSARE, Inc.; and CUSARE II, Inc.

9. Debtor All West Coachlines, Inc. is 50% owned by Coach USA Tours – Las Vegas, Inc. and 50% owned by Coach USA, Inc.

10. Debtor Lenzner Tours, LTD, is a limited partnership in which Coach USA, Inc. holds a 98% interest as limited partner and Lenzner Tours, Inc. holds a 2% interest as general partner.

11. Debtor Trentway-Wagar (Properties) Inc. is 57.7% owned by Coach USA, Inc. and 42.3% owned by 3376249 Canada Inc.

12. Debtor CAM Leasing, LLC, is wholly owned by International Bus Services, Inc.

13. The following Debtors are each wholly owned by Independent Bus Company, Inc.: Megabus Northeast, LLC; Megabus Southeast, LLC; Megabus Southwest, LLC; Megabus West, LLC; Megabus USA, LLC, and Voyavation LLC.

14. Debtor Paramus Northeast Mgt. Co., L.L.C. is wholly owned by Olympia Trails Bus Company, Inc.

15. Debtor Gad-About Tours, Inc. is wholly owned by Butler Motor Transit, Inc.

16. Debtor Coach USA MBT, LLC is wholly owned by TRT Transportation, Inc.

17. The following Debtors are each wholly owned by Coach USA MBT, LLC: Elko, Inc.; American Coach Lines of Atlanta, Inc.; Sporran GCBS, Inc.; Sporran RTI, Inc.; KILT of RI, Inc.; Sporran AWC, Inc., and Sporran GCTC, Inc.

18.    Debtor New York Splash Tours, LLC is wholly owned by KILT of RI, Inc.

19.    Debtor Lenzner Transit, Inc. is wholly owned by Pennsylvania Transportation Systems, Inc.

20.    Debtors Rockland Transit Corporation and Red & Tan Transportation Systems, Inc. are wholly owned by Red and Tan Enterprises, Inc.

21.    Debtors Red & Tan Charter, Inc. and Red & Tan Tours are each wholly owned by Red & Tan Transportation Systems, Inc.

22.    Debtor Chenango Valley Bus Lines, Inc. is wholly owned by Limousine Rental Service Inc.

23.    Debtor 4216849 Canada Inc. is wholly owned by Megabus Canada Inc.

24.    Debtor Trentway-Wagar Inc. is wholly owned by Trentway-Wagar (Properties) Inc.

25.    Debtor Douglas Braund Investments Limited is wholly owned by Trentway-Wagar Inc.

**Fill in this information to identify the case:**

Debtor name    **Perfect Body Inc.**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)

☐ Check if this is an
amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.    Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.    18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration    **Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **06/11/2024**    X **/s/ Ross Kinnear**
                                        Signature of individual signing on behalf of debtor

                                        **Ross Kinnear**
                                        Printed name

                                        **Chief Financial Officer and Treasurer**
                                        Position or relationship to debtor